## Knickerbocker Ice Company v. John J. White.

### Gen. No. 13,278.

SET-OFF—*character of evidence essential to establish.* Evidence offered in support of the defense of set-off, if uncertain, indefinite and conjectural as to the amount, is insufficient.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 13, 1907.

W. H. CARD and AMOS C. MILLER, for appellant.

WILLIAM S. WELCH, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The appellant, an ice company, was sued by appellee before a justice of the peace of Cook county for $24.50 wages claimed to be due as a driver in charge of one of its ice wagons. There was no denial but what the amount claimed was due. Appellant, however, insists that White made collections for ice sold that he did not account for or pay, but converted to his own use. The sums so converted were sought to be offset as a counterclaim. The defense did not prevail before the justice, and on a trial *de novo* on appeal, the same defenses being interposed before the trial judge in the Circuit Court, without a jury, likewise failed and a judgment was rendered for the $24.50, together with $10 for attorney's fees taxed as costs pursuant to statute.

The difficulty with the counterclaim is, that the evidence on which it is based is altogether too uncertain, indefinite and conjectural to serve as a foundation for a judgment. The ice in the wagon was weighed when delivered to the driver, and less an estimated amount for shrinkage caused by melting, charged to the driver, and he required to settle for it in his daily accountings. The only opportunity afforded the driver in selling more ice than charged to him, was by his cheating the customers through short weight. The

morals of the situation seem to be embarrassing. Shall the servant profit by his roguery, or shall the master be the beneficiary? We think the more honorable solution, and the one most comporting with the moral ethics of the situation, would be for the master to protect the confiding customer by a summary discharge of the unfaithful servant on discovery of his dishonesty.

Mrs. Jennie Niles' testimony is a good sample of the indefiniteness of the evidence of all the customers testifying. She says during the months of July and August she took ice from appellant's wagon in charge of White and a helper. She took ten cents worth every week day except Saturday, when she took twenty-five cents worth. She had no book, but always paid cash, sometimes to White and at other times to his helper. How much she paid to White the record is silent. We are not permitted to guess the amount or charge White with the embezzlements of his helper. For all the evidence shows to the contrary, the helper may have been the recipient of every unlawful exaction for ice delivered from the wagon in charge of White.

In this uncertain condition of the evidence the court ruled correctly in allowing the motion to strike it out.

The court refused to hold as law the following proposition:

"The court holds as a matter of law that if the plaintiff, while in the employ of the defendant and selling ice for it, collected from defendant's customers any sum, or sums of money which he did not remit to the defendant, then the defendant is entitled to recover of the plaintiff any such sum or sums of money; and the plaintiff cannot avoid such payments or defend against such payments on the ground that he remitted to defendant for the full amount of ice delivered by the defendant to the plaintiff."

If the proposition had been confined to money collected for appellant's ice delivered to customers by White, then the proposition would have been a correct statement of the law applicable to the contention of appellant; but in this regard

it was too broad.    It holds in effect that White would be liable for any sum of money which he might collect from any customer of appellant while he was in its employ, regardless of the transaction or the consideration for the payment. The proposition was therefore rightfully refused.

There is no reversible error in this record, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*